Slip Op. 11- 149

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **LERNER NEW YORK, INC.** | |
| Plaintiff, | |
| v. | Before: Timothy C. Stanceu, Judge |
| **UNITED STATES,** | Court No. 07-00361 |
| Defendant. | |

## OPINION AND ORDER

[Denying defendant's motion in limine to preclude certain testimony and exclude certain evidence prior to trial in an action requiring the court to determine the tariff classification of an imported article of women's apparel]

Dated: December 5, 2011

   *Beverly A. Farrell*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for movant and defendant United States. With her on the brief were *Tony West*, Assistant Attorney General, and *Barbara S. Williams*, Attorney in Charge, International Trade Field Office.

   *Francis P. Hadfield*, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, NY, for plaintiff. With her on the brief were *Robert B. Silverman* and *Alan R. Klestadt*.

   Stanceu, Judge: In this case involving the tariff classification of an imported article of women's apparel that has been described as a "Top, Bodyshaper w/Shelf Bra," Joint Pretrial Order, Schedule C ¶ 5 (Nov. 29, 2011), ECF No. 52, defendant moves to preclude plaintiff's lay witness, Ms. Christina Trainer, from testifying at trial or, in the alternative, to preclude this witness from testifying "with respect to the subject merchandise as to the fit, feel, support, design, function or any other category that is within her expertise as a fit model." Def.'s Mot. in

Court No. 07-00361								Page 2

Limine 2, 5 (Dec. 1, 2011), ECF No. 53 ("Def.'s Mot."). Defendant also moves to preclude any testimony and exclude any evidence "relating to the November 23, 2009 fitting of the subject merchandise because it is irrelevant to these actions, constitutes hearsay and will not assist the Court in determining the proper classification of the merchandise." Def.'s Mot. 5.

With respect to plaintiff's intention to call Ms. Trainer as a witness, defendant argues that Ms. Trainer, a "fit model," is an expert "[w]ith respect to describing the fit, support and design features of a bra or top" and that "[p]laintiffs are seeking to have Ms. Trainer testify at trial in the guise of a fact witness but based on her fit model expertise." *Id.* at 2. Because plaintiff did not provide defendant the notification required by USCIT Rule 26(a)(2) for an expert witness and did not provide an expert witness report, defendant seeks to preclude Ms. Trainer's testimony according to USCIT Rules 26 and 37. *Id.* Characterizing as a violation of the Court's rules the failure to provide an expert witness notification or report, defendant argues that "[t]he party facing USCIT Rule 37 sanctions bears the burden of proving the harmlessness of its violation." *Id.* at 4.

The court must deny defendant's motion to the extent the motion seeks to prohibit Ms. Trainer from testifying on any subject. Defendant is correct that Federal Rule of Evidence ("FRE") 701 is intended to prevent a party's use of a lay witness as a means of circumventing the procedural requirements governing expert witness testimony.[1] Nevertheless, the court finds

---

[1] Federal Rule of Evidence 701 states that
If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(continued...)

nothing in the Court's rules or the Federal Rules of Evidence prohibiting plaintiff from calling Ms. Trainer as a fact witness, despite whatever expertise Ms. Trainer may or may not possess as a result of her experience as a fit model. FRE 701 contemplates that a witness testifying as other than an expert may offer opinion testimony in certain circumstances and does not prohibit an appearance at trial based on the witness's qualifications. Defendant, therefore, is incorrect both in its allegation that plaintiff has committed a violation of USCIT Rule 26(a)(2) and in its conclusion that Ms. Trainer must not be permitted to testify at trial.

Defendant moves in the alternative for an order under which Ms. Trainer would not be permitted to testify "with respect to the subject merchandise as to the fit, feel, support, design, function or any other category that is within her expertise as a fit model," arguing that "[a]ny such testimony would constitute improper expert testimony in view of Ms. Trainer's expertise as a fit model." Def.'s Mot. 5. Referring to plaintiff's having employed Ms. Trainer to wear a sample of the merchandise at issue and other garments on November 23, 2009, defendant seeks to confine any testimony of the witness "to simply the facts surrounding her November 23, 2009 fitting and the facts relating to what fit models do." *Id.*

Defendant's proposed limitations on the scope of any testimony of Ms. Trainer are overly restrictive. The court will permit Ms. Trainer to present any testimony in the form of opinions that is allowed under the FREs and, specifically, under FRE 701, *i.e.*, opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or

---

[1](...continued)
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

**Court No. 07-00361**                                                                                                              **Page 4**

other specialized knowledge within the scope of Rule 702." With respect to the limitation in FRE 701(c) related to "specialized knowledge within the scope of Rule 702," defendant's motion identifies only in the vaguest of terms the subject or subjects on which defendant alleges Ms. Trainer to possess such knowledge. In determining what opinion testimony is permissible under FRE 701, a court must distinguish between the broad scope comprised of all the knowledge a person acquires as a result of employment in a given field and the much narrower scope of specialized knowledge or expertise that would fall within the scope of FRE 702. As the notes pertaining to the amendments to FRE 701 in 2000 clarify, the rule as amended "incorporates the distinctions set forth in *State v. Brown*, 836 S.W.2d 530, 549 (1992)," specifically, the distinction between lay and expert witness testimony that lay testimony "'results from a process of reasoning familiar in everyday life' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701, 2000 amendment notes. Under this standard, the court must reject defendant's argument that any testimony Ms. Trainer offers that is beyond facts surrounding the fitting and facts relating to what fit models do necessarily must be excluded as expert witness testimony.

Defendant also moves to prevent all testimony, including that of plaintiff's expert Ms. Alexandra Armillas, and exclude all evidence relating to the November 23, 2009 fitting of garments to Ms. Trainer. "The government objects to the introduction of any testimony or evidence relating to the November 23, 2009 fitting of the subject merchandise because it is irrelevant to these actions, constitutes hearsay and will not assist the Court in determining the proper classification of the merchandise." Def.'s Mot. 5.

Defendant's first argument is that plaintiff's testing of the subject merchandise on Ms. Trainer was limited to a garment in Ms. Trainer's size, size medium, even though the subject merchandise was imported in all sizes from extra small to extra large. *Id.* at 6. Therefore, according to defendant, the data resulting from such testing is "incomplete data" on which the court "should not rely . . . in assessing the proper classification of the subject merchandise." *Id*. Defendant fails to put forth a convincing argument as to why the court must conclude that testimony and evidence related to the November 23, 2009 fitting is either irrelevant or so unreliable as to preclude its introduction at trial. Based on the parties' proposed pre-trial order, other submissions of the parties, and the court's pre-trial consultations with the parties, the court must presume that how, and to what degree, the subject merchandise performed the body support function claimed for it are at issue in this case. The court must conclude, further, that data and testimony related to the testing of a medium-sized garment on Ms. Trainer, whom the parties agree is a fit model of a specific garment size, is relevant to those issues.

Defendant argues, second, that the evidence from the fitting is irrelevant for purposes of FRE 401[2] because "[w]hether the articles provide support is not in dispute so no evidence will make that determination more or less probable." *Id.* This argument oversimplifies the issues upon which the parties remain in dispute. The parties' joint statement of uncontested facts does not justify defendant's assertion that no dispute exists with respect to any issue relating to the support the imported garment provides to the wearer. *See* Joint Pretrial Order, Schedule C.

---

[2] Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Third, defendant argues that, through testimony and evidence on the fitting of other articles that U.S. Customs and Border Protection would classify as brassieres, plaintiff is attempting to "bootstrap" the classification of the subject merchandise to these dissimilar articles. Def.'s Mot. 7. Defendant maintains, citing the General Rules of Interpretation and the Additional U.S. Rules of Interpretation, HTSUS, and various judicial decisions, that long-standing precedent counsels against the court's comparing "an article to another dissimilar article in an effort to properly classify it." *Id.* This argument fails to convince the court that plaintiff's witnesses must be prohibited, on relevance grounds, from giving any testimony that pertains to the support provided by garments other than the specific merchandise at issue in this case. Subject to the FREs, plaintiff should be permitted to introduce evidence in an attempt to establish as a fact that the garment at issue provides support to the wearer comparable to that provided by garments that plaintiff claims are recognized, either in common parlance or in the apparel industry, as brassieres.

Finally, defendant argues that the court must exclude as hearsay, prior to trial, all evidence consisting of measurements obtained during the November 23, 2009 fitting involving Ms. Trainer. *Id.* at 8. The court disagrees. Plaintiff proposes to call as witnesses individuals who took measurements at the fitting or observed the process by which the measurements were taken. Subject to the FREs, these witnesses will be permitted to testify concerning the events that occurred at the fitting, based on their observations and recollections. Any documentary exhibits that plaintiff seeks to admit as evidence during the examination of the witnesses will be admitted to the record provided they are entitled to admission under the FREs. Defendant's generalized attempt to exclude prior to trial all evidence pertaining to the measuring of the fit

**Court No. 07-00361** Page 7

model and the results of that measuring is overly inclusive and without basis at this time. Defendant argues, further, that "the concern with admitting hearsay is amplified because the best evidence of the measurements has been destroyed." *Id.* This objection is based on an unwarranted presumption that all evidence pertaining to the measuring conducted on the fit model must be excluded as hearsay. Moreover, the best evidence rule does not support this objection because plaintiff proposes to elicit testimony regarding the results of the November 23, 2009 fitting. Any ruling on the admissibility of documents relating to the measuring is premature at this time.

## ORDER

Upon consideration of Defendant's Motion in Limine (Dec. 1, 2011), ECF No. 53 ("defendant's motion"), the response thereto, and all papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion be, and hereby is, DENIED.

 /s/ Timothy C. Stanceu  
 Timothy C. Stanceu, Judge

Dated: December 5, 2011
       New York, New York